## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PHILLIP DELANEY,                          )
                                          )
                Plaintiff,                )          No.
        v.                                )
                                          )
THOMAS DART, SHERIFF OF COOK              )
COUNTY; COOK COUNTY, ILLINOIS;            )
Deputy BRADSHAW (#10396); Deputy WILSON   )
(#11221); Deputy MENTZ (#10831); Deputy   )
HANKONSEN (#10606); PEAK PROPERTIES,      )
LLC; and MERCEDESBENZ PAXTON,             )          **PLAINTIFF DEMANDS TRIAL**
                                          )          **BY JURY**
                Defendants.               )

### COMPLAINT AT LAW

NOW COMES Plaintiff, PHILLIP DELANEY, by and through his attorneys, ROMANUCCI & BLANDIN, LLC, and complains against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY; COOK COUNTY, ILLINOIS; Deputy BRADSHAW (#10396); Deputy WILSON (#11221); Deputy MENTZ (#10831); Deputy HANKONSEN (#10606); PEAK PROPERTIES, LLC; and MERCEDESBENZ PAXTON, pleading hypothetically and in the alternative, states as follows:

### PARTIES TO THE ACTION

1.     At all times relevant herein, and on May 8, 2014, Plaintiff PHILLIP DELANEY is and was a citizen of the United States and a resident of the County of Cook, State of Illinois.

2.     At all times relevant herein, and on May 8, 2014, Defendant, COOK COUNTY, is and was a municipal entity organized under the laws of the State of Illinois and is joined hereto in accord with Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

3.     At all times relevant herein, and on May 8, 2014, Defendant THOMAS DART, in his official capacity as SHERIFF OF COOK COUNTY, ("DART") employed several Cook

1

County Sheriff's Deputies, Defendants BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) ("Defendant Deputies"), who took their actions more fully described herein, in the course and scope of their employment with Defendant DART.

4.     At all times relevant herein, and on May 8, 2014, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were duly appointed and sworn deputy sheriffs with the Cook County Sheriff's Office and were acting under color of law.

5.     At all times relevant herein, and on May 8, 2014, Defendant, PEAK PROPERTIES, LLC ("PEAK"), is a limited liability company whose principal place of business is in the County of Cook, State of Illinois.

6.     At all times relevant hereto, PEAK owned, managed, controlled, and maintained a certain property located at 2125 W. Howard (Unit 3) in the City of Chicago, State of Illinois.

7.     At all times relevant herein, and on May 8, 2014, Defendant, MERCEDESBENZ PAXTON ("PAXTON") was an authorized employee and/or agent of PEAK PROPERTIES, LLC.

## FACTUAL ALLEGATIONS

8.     On and before May 8, 2014, Plaintiff DELANEY resided in an apartment located at 2125 W. Howard (Unit 3) in the City of Chicago, State of Illinois.

9.     Sometime prior to May 8, 2014, Defendant PEAK obtained an Order for Possession in the Circuit Court of Cook County against an individual, Nicole Clark, for another of its properties, 2127 W. Howard (Unit 3) in the City of Chicago, State of Illinois.

10.     Upon information and belief, Defendant PEAK tendered the aforementioned Order for Possession to the Cook County Sheriff's Office and, pursuant to the Order for

2

Possession, placed an order with the Cook County Sheriff's Office for eviction for the premises of 2127 W. Howard (Unit 3).

11.     On or about May 8, 2014, at approximately 11:45 A.M., Plaintiff DELANEY was lying in bed in the bedroom of his apartment at 2125 W. Howard.

12.     On or about May 8, 2014, at approximately 11:45 A.M., Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) arrived at the premises of 2127 W. Howard and/or 2125 W. Howard to fulfil the aforementioned eviction order for the premises of 2127 W. Howard (Unit 3).

13.     On or about May 8, 2014, Defendant PAXTON was on the premises of 2127 W. Howard and/or 2125 W. Howard as an authorized employee and/or agent of Defendant PEAK, and Defendant PAXTON had been tasked with assisting in the eviction of 2127 W. Howard (Unit 3) on behalf of Defendant PEAK.

14.     Upon arrival at the premises of 2127 W. Howard and/or 2125 W. Howard, the Defendant Deputies spoke with Defendant PAXTON and told Defendant PAXTON that the Defendant Deputies were on the premises to evict Nicole Clark from the premises of 2127 W. Howard (Unit 3).

15.     At the time that Defendant PAXTON was speaking with the Defendant Deputies, Defendant PAXTON understood that an eviction involved a substantial risk that the Defendant Deputies may need to utilize physical force to either detain individuals or to force them out of the unit to be evicted.

16.     After the Defendant Deputies spoke with Defendant PAXTON, Defendant PAXTON provided keys to the Defendant Deputies to aid in their eviction of the premises of 2127 W. Howard (Unit 3).

3

17.     Defendant PAXTON then directed the Defendant Deputies to "Unit 3."

18.     The door to the "Unit 3" that Defendant PAXTON identified was not clearly marked to identify that it was indeed Unit 3 of 2127 W. Howard.

19.     None of the Defendant Deputies made an independent attempt to verify that the unit that Defendant PAXTON identified was, in fact, the unit subject to the Order for Possession at 2127 W. Howard.

20.     The Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) knocked on the door to "Unit 3" and utilized the key provided by Defendant PAXTON to enter the unit.

21.     The unit that the Defendant Deputies had entered, however, was Unit 3 of 2125 W. Howard, where Plaintiff DELANEY was lying in bed.

22.     The unit that the Defendant Deputies entered, Unit 3 of 2125 W. Howard, was not subject to the aforementioned Order for Possession.

23.     The Defendant Deputies did not have probable cause or a warrant to enter the premises of Unit 3 of 2125 W. Howard.

24.     The Defendant Deputies did not have Plaintiff DELANEY's consent to enter the premises of Unit 3 of 2125 W. Howard.

25.     Upon entering Unit 3 of 2125 W. Howard, the Defendant Deputies directed Plaintiff DELANEY to exit the bedroom and enter the kitchen.

26.     While the Defendant Deputies directed Plaintiff DELANEY to exit the bedroom and enter the kitchen, all of the Defendant Deputies had their guns drawn and pointed in the direction of Plaintiff, indicating to Plaintiff that he was not free to leave or to disobey the Defendant Deputies.

27.     Upon entering the kitchen, one of the Defendant Deputies informed Plaintiff DELANEY that he was being evicted and inquired of the whereabouts of Nicole Clark.

28.     In response, Plaintiff DELANEY informed the Defendant Deputies that Nicole Clark did not live in the apartment and that the Defendant Deputies were in the wrong unit.

29.     Plaintiff DELANEY further stated that the Defendant Deputies had entered Unit 3 of 2125 W Howard and that Unit 3 of 2127 W. Howard was next door.

30.     Plaintiff DELANEY further offered to show the Defendant Deputies a piece of mail to verify that they had entered Unit 3 of 2125 W. Howard.

31.     After telling the Defendant Deputies that he would retrieve a piece of mail to verify that they had entered Unit 3 of 2125 W. Howard, Plaintiff DELANEY then moved from the kitchen to the bedroom to retrieve said mail.

32.     Plaintiff DELANEY moved from the kitchen to the bedroom in a non-threatening manner and after Plaintiff informed the Defendant Deputies of Plaintiff's intentions.

33.     At no time did Plaintiff DELANEY exhibit a threat of harm to any of the Defendant Deputies, to Defendant PAXTON, or to any other person.

34.     While Plaintiff DELANEY moved from the kitchen to the bedroom, and without just cause or provocation, one of the Defendant Deputies, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), or HANKONSEN (#10606), grabbed Plaintiff DELANEY by his wrist and forcefully threw Plaintiff against the wall.

35.     This Defendant Deputy then proceeded to handcuff Plaintiff DELANEY with Plaintiff's arms behind his back.

36.     After Plaintiff DELANEY was handcuffed with his arms behind his back, the Defendant Deputy forcefully shoved Plaintiff into a chair.

37.     When the Defendant Deputy applied handcuffs to Plaintiff DELANEY and shoved him into a chair, it was clear to Plaintiff DELANEY that he was not free to leave or to disobey the Defendant Deputies.

38.     After Plaintiff DELANEY was forcefully shoved into a chair, Plaintiff DELANEY saw that all Defendant Deputies had drawn their tasers, indicating further that Plaintiff was not free to leave or to disobey the Defendant Deputies.

39.     As a result of being forcefully thrown against the wall and subsequently forcefully shoved into a chair, Plaintiff sustained physical injuries to his person, including injuries to his back and neck.

40.     Sometime after Plaintiff DELANEY was forcefully shoved into the chair, the Defendant Deputies eventually removed the handcuffs from Plaintiff's wrists and allowed Plaintiff to retrieve a piece of mail which verified that they had entered Unit 3 of 2125 W. Howard.

41.     After reviewing the piece of mail that Plaintiff DELANEY tendered, the Defendant Deputies then exited the apartment.

## COUNT I: BATTERY
### (Plaintiff v. Dart, Cook County, and Defendant Deputies)

42.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

43.     That Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), willfully and wantonly battered Plaintiff DELANEY when said Defendants aggressively grabbed, shoved, handcuffed, and threw Plaintiff into a chair, without provocation.

6

## COUNT II: ASSAULT
### (Plaintiff v. Dart, Cook County, and Defendant Deputies)

48.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

49.     That Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), willfully and wantonly battered Plaintiff DELANEY when Defendants aggressively grabbed, shoved, handcuffed, and threw Plaintiff into a chair, without provocation.

50.     That Plaintiff DELANEY perceived the aforementioned batteries before they occurred.

51.     That while Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), were assaulting and battering Plaintiff DELANEY, Defendants, were acting within the course and scope of their employment with the Defendants, DART and COOK COUNTY.

52.     That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

53.     Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

54.     At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were agents of Defendants, DART and COOK COUNTY, and were acting within the scope of their employment as Cook County

8

44.     That while Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), were battering Plaintiff DELANEY, Defendants were acting within the course and scope of their employment with the Defendants, DART and COOK COUNTY.

45.     That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

46.     Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

47.     At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were agents of Defendants, DART and COOK COUNTY, and were acting within the scope of their employment as Cook County Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary.

Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary.

## COUNT III: TRESPASS
### (Plaintiff v. All Defendants)

55.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

56.     That Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), trespassed upon Plaintiff DELANEY's residence when Defendants, entered Unit 3 of 2125 W Howard without legal authority.

57.     Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) entered Unit 3 of 2125 W. Howard intentionally and with the knowledge that their conduct would result in an intrusion on Plaintiff's possession of the apartment.

58.     That while Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), trespassed upon Plaintiff DELANEY's residence, Defendants, were acting within the course and scope of their employment with the Defendants, DART and COOK COUNTY.

59.    Defendant PAXTON requested, aided and abetted the trespass into Unit 3 of 2125 W. Howard by giving Defendant Deputies the keys to Unit 3 of 2125 W. Howard and directing the Defendant Deputies to that unit.

60.    That while Defendant PAXTON requested, aided and abetted the trespass upon Plaintiff DELANEY's residence, Defendant PAXTON was acting as an actual and/or apparent agent of Defendant PEAK.

61.    That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

62.    Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

63.    At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were agents of Defendants, DART and COOK COUNTY, and were acting within the scope of their employment as Cook County Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and against Defendants MERCEDESBENZ

PAXTON and PEAK PROPERTIES, LLC, awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary.

### COUNT IV: FALSE IMPRISONMENT
**(Plaintiff v. Dart, Cook County, and Defendant Deputies)**

64.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

65.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), drew their guns and pointed them in the direction of Plaintiff DELANEY, it was clear to Plaintiff DELANEY that he was not free to leave or to disobey the Defendant Deputies.

66.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), drew their guns and pointed them in the direction of Plaintiff DELANEY, Defendant Deputies unlawfully restrained Plaintiff's personal liberty and freedom of locomotion.

67.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), applied handcuffs to Plaintiff DELANEY and shoved him into a chair, it was clear to Plaintiff DELANEY that he was not free to leave or to disobey the Defendant Deputies.

68.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and/or HANKONSEN (#10606), applied handcuffs to Plaintiff DELANEY and shoved him into a chair, Defendant Deputies unlawfully restrained Plaintiff's personal liberty and freedom of locomotion.

69.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), drew their tasers and pointed them in the direction of

11

Plaintiff DELANEY, it was clear to Plaintiff DELANEY that he was not free to leave or to disobey the Defendant Deputies.

70.    That when Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), drew their tasers and pointed them in the direction of Plaintiff DELANEY, Defendant Deputies unlawfully restrained Plaintiff's personal liberty and freedom of locomotion.

71.    That while Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), unreasonably restrained and falsely imprisoned Plaintiff DELANEY, Defendants were acting within the course and scope of their employment with the Defendants, DART and COOK COUNTY.

72.    That at all times relevant hereto, the actions of Defendants, DART and COOK COUNTY, by and through their agents BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DELANEY's rights.

73.    That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

74.    Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

75.    At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were agents of Defendants, DART

and COOK COUNTY, and were acting within the scope of their employment as Cook County Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary..

### COUNT V: WILLFUL AND WANTON CONDUCT – EXCESSIVE FORCE
### (Plaintiff v. Dart, Cook County, and Defendant Deputies)

76.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

77.     That on May 8, 2014, at or around 11:45 A.M., Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), acting as duly authorized agents of Defendants DART and COOK COUNTY, undertook to interfere with and excessively restrain Plaintiff DELANEY.

78.     That at the aforementioned time, Defendant Deputies restrained Plaintiff DELANEY by grabbing Plaintiff's wrist, forcefully shoving Plaintiff into a wall, handcuffing Plaintiff, and shoving Plaintiff forcefully into a chair.

79.     That at all times relevant hereto, it was the duty of Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), to refrain from acting with an utter indifference and/or conscious disregard for the well-being of Plaintiff DELANEY.

13

80. That at all times relevant hereto, it was the duty of Defendants, DART and COOK COUNTY, acting by and through their duly authorized deputies, agents, representatives and/or employees, including Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), to refrain from refrain from acting with an utter indifference and/or conscious disregard for the well-being of Plaintiff DELANEY.

81. That notwithstanding said duty, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) and Defendants, DART and COOK COUNTY, by and through their duly authorized employees and/or agents, committed one or more of the following acts and/or omissions:

    i. With an utter indifference and conscious disregard for safety, Defendants used a level of force that Defendants knew, or should have known, was excessive;

    ii. With an utter indifference and conscious disregard for safety, Defendants aggressively and dangerously grabbed, pushed, battered, handcuffed, and threw PHILLIP DELANEY into a chair when the Defendants knew that PHILLIP DELANEY posed no threat of harm to Defendants or to any other person;

    iii. With an utter indifference and conscious disregard for safety, Defendants used an unreasonable amount of force in relationship to the threat of force posed by the Plaintiff;

    iv. With an utter indifference and conscious disregard for safety, Defendants failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

    v. With an utter indifference and conscious disregard for safety, Defendants DART and COOK COUNTY failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois; and/or

    vi. Was otherwise willful and wanton.

82. That at all times relevant hereto, the actions of Defendants, DART and COOK COUNTY, and the Defendant Deputies, BRADSHAW (#10396), WILSON (#11221), MENTZ

14

(#10831), and HANKONSEN (#10606), were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DELANEY's rights.

83.     That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

84.     Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

85.     At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were agents of Defendants, DART and COOK COUNTY, and were acting within the scope of their employment as Cook County Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606); awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary.

## COUNT VI: CIVIL CONSPIRACY
### (Plaintiff v. All Defendants)

86.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

15

87.     That the Defendant Deputies, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), conspired with Defendant PAXTON to trespass upon the premises of and deprive Plaintiff DELANEY of his possession of Unit 3 of 2125 W. Howard.

88.     That the Defendant Deputies, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), conspired with Defendant PAXTON to falsely imprison and unreasonably restrain Plaintiff DELANEY.

89.     That the Defendant Deputies, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), conspired with Defendant PAXTON to use unreasonable and excessive force upon the person of Plaintiff DELANEY.

90.     That as a direct and proximate result of the abovementioned civil conspiracy, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

91.     That while Defendant PAXTON conspired with the Defendant Deputies to commit the trespass upon Plaintiff DELANEY's residence, Defendant PAXTON was acting as an actual and/or apparent agent of Defendant PEAK.

92.     Illinois law provides that public entities, such as Defendants, DART and COOK COUNTY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

93.     At all relevant times, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were an agents of Defendants, DART and COOK COUNTY, and were acting within the scope of their employment as Cook

16

County Sheriff's Deputies. Therefore, Defendants, DART and COOK COUNTY, are liable as principal for all torts committed by Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606).

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and against Defendants MERCEDESBENZ PAXTON and PEAK PROPERTIES, LLC, awarding compensatory damages in excess of fifty-thousand dollars ($50,000.00), and any further relief this Court deems necessary.

### COUNT VII – 42 U.S.C. §1983 – UNREASONABLE SEARCH
### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT
### (Plaintiff v. Defendant Paxton, Defendant Peak, and Defendant Deputies)

94.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

95.     That at all times relevant hereto, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were acting under color of state law within the scope of their employment with Defendant DART.

96.     That at all times relevant hereto, Defendant PAXTON was acting under color of state law and in concert with the Defendant Deputies.

97.     That at all times relevant hereto, Defendant PAXTON was acting as an actual and/or apparent agent of Defendant PEAK.

98.     That the unlawful entry into Unit 3 of 2125 W. Howard in the City of Chicago, State of Illinois, constituted an unreasonable search in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

17

99. That at all times relevant hereto, the actions of Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), HANKONSEN (#10606), PAXTON, and PEAK, by and through its agent PAXTON, were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DELANEY's constitutional rights.

100. That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) would not be considered reasonable by a reasonably competent police officer in the circumstances presented to Defendant Deputies.

101. That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), Defendant PAXTON, and Defendant PEAK, by and through its agent Defendant PAXTON, were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff DELANEY.

102. That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), HANKONSEN (#10606), PAXTON, and PEAK, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and against Defendants MERCEDESBENZ

18

PAXTON and PEAK PROPERTIES, LLC, awarding compensatory damages, attorneys' fees, and any further relief this Court deems necessary.

**COUNT VIII – 42 U.S.C. §1983 – FALSE ARREST**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT**
**(Plaintiff v. Defendant Deputies)**

103.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

104.    That at all times relevant hereto, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were acting under color of state law within the scope of their employment with Defendant DART.

105.    That at all times relevant hereto, Defendant PAXTON was acting under color of state law and in concert with the Defendant Deputies.

106.    That at all times relevant hereto, Defendant PAXTON was acting as an actual and/or apparent agent of Defendant PEAK.

107.    That the detention of Plaintiff DELANEY in the kitchen of Unit 3 of 2125 W. Howard in the City of Chicago, State of Illinois, constituted an unreasonable arrest and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

108.    That the grabbing of Plaintiff DELANEY's wrist, the throwing of Plaintiff DELANEY into a wall, the handcuffing of Plaintiff DELANEY, and the throwing of Plaintiff DELANEY into a chair constituted an unreasonable arrest and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

109.    That at all times relevant hereto, the actions of Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), HANKONSEN (#10606), PAXTON, and

PEAK, by and through its agent PAXTON, were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DELANEY's constitutional rights.

110.    That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) would not be considered reasonable by a reasonably competent police officer in the circumstances presented to Defendant Deputies.

111.    That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and Defendants PAXTON and PEAK, were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff DELANEY.

112.    That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), HANKONSEN (#10606), PAXTON and PEAK, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and against Defendants MERCEDESBENZ PAXTON and PEAK PROPERTIES, LLC, awarding compensatory damages, attorneys' fees, and any further relief this Court deems necessary.

## COUNT IX – 42 U.S.C. §1983 – EXCESSIVE FORCE
## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT
### (Plaintiff v. Defendant Deputies)

113.    Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

114.    That at all times relevant hereto, Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) were acting under color of state law within the scope of their employment with Defendant DART.

115.    That the entry into Unit 3 of 2125 W. Howard in the City of Chicago, State of Illinois, was unlawful and constituted an unreasonable search in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

116.    That at all times relevant hereto, Defendant PAXTON was acting under color of state law and in concert with the Defendant Deputies.

117.    That at all times relevant hereto, Defendant PAXTON was acting as an actual and/or apparent agent of Defendant PEAK.

118.    That the detention of Plaintiff DELANEY in the kitchen of Unit 3 of 2125 W. Howard in the City of Chicago, State of Illinois, constituted an unlawful arrest and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

119.    That, in addition to making an unlawful entry into Plaintiff DELANEY's residence and unlawfully detaining him, the grabbing of Plaintiff DELANEY's wrist, the throwing of Plaintiff DELANEY into a wall, the handcuffing of Plaintiff DELANEY, and the throwing of Plaintiff DELANEY into a chair constituted unlawful and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

120. That at all times relevant hereto, the actions of Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), PAXTON, and PEAK, by and through its agent PAXTON, were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DELANEY's constitutional rights.

121. That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606) would not be considered reasonable by a reasonably competent police officer in the circumstances presented to Defendant Deputies.

122. That at all times relevant hereto, the actions of the Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and Defendants PAXTON and PEAK, were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff DELANEY.

123. That as a direct and proximate result of the abovementioned acts and/or omissions of the Defendants, BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), HANKONSEN (#10606), PAXTON and PEAK, Plaintiff DELANEY sustained damages including serious physical injuries, pain and suffering, emotional distress, loss of normal life, disfigurement, lost wages and/or profits he otherwise would have earned, and obligations for past and future medical bills.

WHEREFORE, Plaintiff, PHILLIP DELANEY, prays for a judgment against Defendants, THOMAS DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, and against Defendant Deputies BRADSHAW (#10396), WILSON (#11221), MENTZ (#10831), and HANKONSEN (#10606), and against Defendants MERCEDESBENZ

22

PAXTON and PEAK PROPERTIES, LLC, awarding compensatory damages, attorneys' fees, and any further relief this Court deems necessary.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

Attorney for Plaintiff

Antonio M. Romanucci
Angela Kurtz
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
Attorney No.: 35875